Filed 12/23/13  P. v. Mitchell CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

**(Sacramento)**

----

| | |
|---|---|
| THE PEOPLE, | C071570 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F06228) |
| v. | |
| REGINALD DEAN MITCHELL, | |
| Defendant and Appellant. | |

A jury convicted defendant Reginald Dean Mitchell of access card theft (Pen. Code, § 484e, subd. (d)),[1] receiving stolen property (§ 496, subd. (a)), and second degree burglary (§ 459).  The trial court placed defendant on five years of formal probation with one year in county jail.

On appeal, defendant contends there is insufficient evidence of entry with intent to commit theft to support the second degree burglary conviction.  We shall affirm.

---

[1] Undesignated statutory references are to the Penal Code.

**FACTUAL BACKGROUND**

Mark Hayes was the facilities manager of the United States Forest Service training center located at the McClellan Air Force Base business park. His responsibilities included acting as the contract representative for the janitorial services contract and issuing security cards to employees and members of the janitorial crew.

The training center also operated vehicles and assigned to each vehicle a credit card known as a "fleet card," which was used to purchase gasoline. Hayes was responsible for overseeing this function as well. Vehicles were assigned to specific employees at the center, and employees kept the keys to their assigned vehicles in their respective offices. The facility was secured by locked doors which were opened with a security card using the employee's fingerprint.

Defendant started working as a janitor at the facility on September 30, 2010. He was issued a security card and worked at the center two to three days a week on the 5:00 p.m. shift. Defendant was assigned to work at the facility on June 30 to July 1, 2011, and the security logs show him entering the building that evening.

In April 2011, Hayes was alerted to a series of thefts at the center, including the thefts of fleet cards. Special Agent Eric Schultz, an investigator with the United States Forest Service, was assigned to investigate the theft of fleet cards at the McClellan facility. Schultz and Hayes set up a "bait" operation to catch the thief. A fleet card not in use was put in a pouch attached to a set of car keys and left on a desk in an office usually not occupied by staff. Special Agent Schultz installed a hidden camera to record any activity around the bait card.

Assistant facilities manager Jeffrey Brown set the card in place on June 30, 2011. The card was in a pouch placed to the left of a computer keyboard partially hidden by a piece of paper but visible to the camera. Brown checked the pouch the following day and found the fleet card was missing.

2

The surveillance video recorded two files involving defendant.  The first file showed defendant cleaning the office at around 1:09 a.m.  The second file starts about a minute after the first.  It opens with defendant walking away from the desk, where the pouch is now missing.  About a minute later, defendant reentered the office, approached the desk, pulled the pouch from his shirt, placed it back on the desk where it had been, and left.

Bank records showed the missing fleet card was used at several gas stations close to defendant's residence on and after July 1, 2011.

### DISCUSSION

Defendant contends there is insufficient evidence he entered the office with the intent to steal necessary to support his conviction for second degree burglary.  He argues that the evidence shows he formed the intent when he found the pouch after he entered the room.  We disagree.

In determining the sufficiency of the evidence, our role is limited.  Under the state and federal constitutional due process clauses, "the test of whether evidence is sufficient to support a conviction is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (*People v. Holt* (1997) 15 Cal.4th 619, 667.)

"Every person who enters any . . . room . . . with intent to commit grand or petit larceny or any felony is guilty of burglary." (§ 459.)  The intent to commit a felony must be present at the time of entry.  (*People v. Sparks* (2002) 28 Cal.4th 71, 85, fn. 17.)  Direct evidence proving the intent to commit a burglary rarely exists and such intent usually must be inferred from all the facts and circumstances disclosed by the evidence.  (*People v. Lewis* (2001) 25 Cal.4th 610, 643.)  " '[O]ne may be convicted of burglary even if he enters with consent, provided he does not have an unconditional possessory

3

right to enter.' " (*People v. Frye* (1998) 18 Cal.4th 894, 954, disapproved on other grounds in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22.)

Defendant had consent to enter the office only for the purpose of cleaning it, which defendant did in the first surveillance video. The second video, taken after the first, shows defendant reentering the office and taking the pouch containing the fleet card, which he later returns. Both subsequent entries into the office are unlawful, as defendant did not enter for the purpose of cleaning.

Since the pouch no longer contained the fleet card when examined after defendant's shift, the jury could reasonably conclude defendant took the card after removing the pouch in the second video, and then returned the now empty pouch. From this, the jury could also reasonably conclude that defendant formed an intent to steal after seeing the pouch when he cleaned the office, and that he had the necessary intent to steal when he entered the office the second time. Defendant's second entry into the office was without the owner's consent and was made with an intent to steal the fleet card. We therefore find substantial evidence supports his burglary conviction.

### DISPOSITION

The judgment is affirmed.

                                                    BUTZ              , J.


We concur:



    ROBIE              , Acting P. J.



    MAURO          , J.

4